UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 15-13490-RWZ

JUNE STEARNS AND CLIFFORD OLIVER,
as Co-Executors of the Estate of WAYNE OLIVER

v.

METROPOLITAN LIFE INSURANCE CO., *et al.*

ORDER OF COURT AND CERTIFICATION OF QUESTION TO THE
MASSACHUSETTS SUPREME JUDICIAL COURT

May 14, 2018

ZOBEL, S.D.J.

On March 30, 2018, this court entered a Memorandum of Decision (Docket # 413, hereafter cited as "Opinion") which, *inter alia*, denied the motion for summary judgment filed by General Electric Company ("GE") with respect to Counts I, II, IX, and X of Plaintiffs' Third Amended Complaint. Those counts were based upon the alleged exposure of plaintiffs' decedent, Wayne Oliver, to asbestos during the construction of two nuclear power plants, Pilgrim Nuclear Power Station and Calvert Cliffs Nuclear Power Plant, between 1971 and 1978.[1] The parties agreed that the affected counts are governed by the substantive law of the Commonwealth of Massachusetts.

---

[1] Plaintiffs also asserted claims against GE based upon Mr. Oliver's alleged exposure to asbestos onboard certain U.S. Navy vessels while employed by a shipyard. The court granted GE's motion for summary judgment on those claims.

In its motion for summary judgment on those counts, GE invoked the Massachusetts statute of repose for improvements to real property, Mass. Gen. Laws ch. 260, § 2B. Although holding that the GE turbine-generators at issue, including their insulation materials, were improvements to real property under the statute, this court stated that "[m]ore vexing is the question whether the statute of repose applies in the context of a contractor like GE's asbestos-related work." Opinion at 8. This was particularly so because

> GE had control of the site at the time of Oliver's asbestos exposure, conducted regular on-site maintenance and inspections for at least two decades after construction was complete, and continues to the present to perform refueling outages every eighteen months. It is thus not entitled to the same repose deemed reasonable for actors whose connection to the instrumentality of injury has long since ceased.

Id. at 11.

The court noted that the Massachusetts Supreme Judicial Court "has not considered the application of the statute of repose to asbestos claims," id. at 8, and that the matter "presents a state law issue without controlling precedent whose resolution may be determinative." Id. at n.5. Concluding that "it is not at all clear that the six-year statute of repose was designed to bar a category of claims known uniformly to have a latency period of at least 20 years," this court held that GE was not entitled to the protection of the statute of repose and thus denied GE's motion for summary judgment as to plaintiffs' claims based upon Mr. Oliver's alleged exposures to GE turbine-generators at the two nuclear power plants. Id. at 12.

GE subsequently moved this court to certify that portion of its opinion to the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1292(b). Plaintiffs opposed interlocutory appeal, but in the event of any such appeal moved

instead for certification to the Massachusetts Supreme Judicial Court pursuant to its rule 1:03.  Because the determinative question is one of Massachusetts law, this court is of the view that the latter course is more appropriate.  Accordingly, and for the reasons stated in the opinion submitted with this case, the following question is certified to the Massachusetts Supreme Judicial Court:

> whether or not the Massachusetts statute of repose, Gen. Laws ch. 260, § 2B, can be applied to bar personal injury claims arising from diseases with extended latency periods, such as those associated with asbestos exposure, where defendants had knowing control of the instrumentality of injury at the time of exposure.

The Clerk is directed to forward to the Massachusetts Supreme Judicial Court, under the official seal of this court, a copy of the certified question and the record in this case.[2]

This court retains jurisdiction over this issue pending resolution of the certified question.

|  |  |
|---|---|
| May 14, 2018 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |

---

[2] The record shall include the Third Amended Complaint (Docket # 280); GE's Motion for Summary Judgment and documents and exhibits filed therewith (## 314, 315, 316); Plaintiffs' Opposition, Statement of Material Facts, and exhibits filed therewith (## 358-359); GE's Response and Reply (# 364-365); Plaintiffs' Sur-reply (# 371); and Memorandum of Decision (# 413).