UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13490-RWZ

JUNE STEARNS AND CLIFFORD OLIVER,
as Co-Executors of the Estate of WAYNE OLIVER

v.

METROPOLITAN LIFE INSURANCE CO., *et al.*

MEMORANDUM OF DECISION

May 14, 2019

ZOBEL, S. D.J.

**I.    Background**

On March 30, 2018, this court held that the Massachusetts statute of repose, Mass. Gen. Laws ch. 260, § 2B, did not apply to asbestos exposure claims and denied defendant General Electric Company's ("GE") motion for summary judgment with respect to Counts I, II, IX, and X of plaintiffs' Third Amended Complaint.  GE sought interlocutory appeal to the United States Court of Appeals for the First Circuit, but, because the determinative issue was one of Massachusetts law without controlling precedent, I certified the following question to the Massachusetts Supreme Judicial Court ("SJC"):

> [W]hether or not the Massachusetts statute of repose ... can be applied to bar personal injury claims arising from diseases with extended latency periods, such as those associated with asbestos exposure, where defendants had knowing control of the instrumentality of injury at the time of exposure.

Docket # 429.

On March 1, 2019, the SJC provided its answer:

> Section 2B completely eliminates all tort claims arising out of any deficiency or neglect in the design, planning, construction, or general administration of an improvement to real property after the established time period has run, even if the cause of action arises from a disease with an extended latency period and even if a defendant had knowing control of the instrumentality of injury at the time of exposure.

Stearns v. Metro. Life Ins. Co., 117 N.E.3d 694, 702 (2019); see also Docket # 443.

In light of the SJC's ruling, GE moves for entry of judgment in its favor on Counts I, II, IX, and X – the only counts remaining in this suit. Plaintiffs agree that Counts I, IX, and X are now clearly barred by the statute of repose, but argue that Count II is not because it is "a claim that GE breached the implied warranty of merchantability by manufacturing, selling and supplying a defective product." Docket # 445.

**II.    Discussion**

In the March 30, 2018, Memorandum of Decision, this court held that the turbine generators that GE "designed, manufactured, and sold" were improvements to real property within the meaning of the statute of repose. Docket # 413. The court also explained that the "asbestos-containing insulation" could not be separated from GE's overall improvements because the insulation was an "integral component" to the completed turbine generators. Id.

While GE's activity was thus facially covered by the statute of repose, I held that the statute was not intended to apply to personal injury claims caused by asbestos exposure. The fact that the SJC has now clarified that § 2B applies with equal force to such claims does not affect this court's previous determination that the insulation is

subsumed by and cannot be separated from GE's overall real property improvements. However, plaintiffs now attempt to save Count II by singularly focusing on GE's supply of the insulation.

The SJC and the First Circuit have rejected similar attempts by plaintiffs to circumvent § 2B by suing a defendant for product liability as a supplier when the defendant's role in a project was not so limited. Snow v. Harnischfeger Corp., 12 F.3d 1154 (1st Cir. 1993) (designer and manufacturer of crane was a protected actor under § 2B and statute thus barred implied breach of warranty claim where the underlying cause of action was the same as the tort claim); McDonough v. Marr Scaffolding Co., 591 N.E.2d 1079 (1992) (plaintiffs could not evade statute of repose by identifying defendant, who assembled and installed custom bleacher units for a rink, by reference to its limited status as a supplier of the bleachers). Like the defendants in Snow and McDonough, GE's activity, which included designing, planning, and constructing the particularized generators, make it a protected actor under § 2B. GE's role as a supplier of the insulation was merely "incidental" to these activities and, as such, plaintiffs cannot "recast their negligence claim in the form of a warranty claim." McDonough, 591 N.E.2d at 1083.

### III. Conclusion

GE's motion for entry of judgment (Docket # 44) on Counts I, II, IX, and X is ALLOWED. Judgment may be entered accordingly.

|   _____May 14, 2019_____   | _____/s/Rya W. Zobel_____ |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |